the negro was unsound, the right of action related to the time of the sale, and was not done away by the after agreement or permission assented to by the defendant. Those cases where the thing sold must be returned, are where the agreement for the return is a part of the original contract, and is not applicable to subsequent agreements. He referred to 2 *Com. on Cont.* 281.

*Shaaff*, for the Appellee. 1. The declarations made by the plaintiff, which he wished to give in evidence, went to contradict the letter, and to show an imposition was then contemplated, and therefore were properly rejected. 2. There was a new contract which vacated the first, and the new contract not having been complied with, the original contract was terminated. The plaintiff under the second contract, being a physician, was bound to examine the negro, to see whether or not he was sound, and if he did not, or if he did and found him unsound, and did return him, he was bound by that contract, and can have no claim under the first agreement.

THE COURT dissented from the opinions given by the court below in the *first* and *second* bills of exceptions. The *third* bill of exceptions, having been taken by the defendant below, was not before the court.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

## EASTON vs. SNAVELY's Lessee.

1815.

Easton
vs
Snavely

DECEMBER.

APPEAL from *Washington* County Court. Ejectment for a tract of land called *Showman's Forest*, containing 50 acres. The defendant (now appellant,) took defence on warrant. The plaintiff located his claim and pretensions on the plots returned in the cause for only part of *Showman's Forest.* The defendant took defence for a part of the land so located by the plaintiff as his claim. At the trial there was a general verdict for the plaintiff, and the judgment entered was by lines on the plots, and for much more land than the defendant took defence for. From this judgment the defendant appealed to this court.

*Where the verdict in an action of ejectment was general against the defendant, for all the land for which he took defence on the plots, and the judgment was entered by lines described on the plots, which included more land than the defendant took defence for—On appeal the judgment was affirmed*

The cause was argued before CHASE, Ch. J. and NICHOLSON, EARLE, and JOHNSON, J.

*Taney,* for the Appellant. As the record stands it would seem that the verdict as therein stated does not justify the judgment. The land found for the plaintiff is not described with sufficient certainty in the verdict; because in his declaration he claims the whole of *Showman's Forest,* but in his locations on the plots he narrows his claim to a small part of it, and it does not appear to which claim the finding of the jury was intended to apply. The judgment indeed is sufficiently certain in the description of the land, and is stated to be according to the finding of the jury. But it is necessary that the verdict itself should describe the land with certainty, and should be stated in the record, in order that the court above might judge whether the verdict authorised the judgment; so are the precedents, 2 *Harr. Ent.* 284. But if it is considered that the record is substantially correct in this respect, and that it sufficiently appears that the verdict is according to the judgment, then it is objected, on the part of the appellant, that the judgment is erroneous, because it is for more land than the plaintiff claimed, as he himself located his claim on the plots. It is well settled that the plots in an action of ejectment are a part of the pleadings in the cause. The plaintiff's pretensions, and the defendant's defence, make the issue to be tried. The issue between the parties is on the plots. The plaintiff, therefore, cannot recover more land than he claims on the plots, because his location of his claim there, is a part of his declaration. The defendant cannot be prepared to defend himself against a larger claim than the plaintiff locates. The verdict in this case, so far as it exceeded the claim located, would be absolutely void, and would not support the judgment for such excess. The plaintiff might have taken judgment for so much land as his pretensions included, but for no more. Here he has obtained judgment for a great deal more. *Trials per Pais,* 324. As the defendant in the court below is the appellant, and the judgment one entire judgment, it cannot now be reversed in part, or a new judgment given for the plaintiff for so much as he may have been entitled to recover in the court below. *Parker vs. Harris,* 1 *Salk.* 262. *Frederick vs. Lookup,* 4 *Burr.* 2018. Neither can the appellee derive any benefit from the acts of assembly of 1809, *ch.* 53, and 1811, *ch.* 161. The *third* section of the last act relates to cases where the judgment is entered for a greater

sum of money than the damages laid in the declaration. The *fourth* section of the same act, as also that part of the act of 1809 to which it has reference, embraces only those cases where "*an entry is made or act done*" by one of the parties, and authorises this court to give such judgment as the "*entry or amendment*" may require, or as the court below would have rendered if such "*entry or amendment*" had been there made before judgment. In this case no "entry or amendment" of the plaintiff in the court below, could have altered, or in any way affected, the judgment which ought to have been there given. No entry or amendment on his part was required, in order to have obtained a correct judgment; nor can he now make any "*entry, or do any act,*" that will "require an alteration of the judgment given in the court below." In the court appealed from, and in this court, no act, entry or amendment, on the part of the plaintiff, would change the judgment to such an one as ought to have been given. It would stand on the same grounds, as to the point now in controversy, with or without an entry or amendment on the part of the plaintiff; for the verdict of the jury, so far as it exceeded the matter in issue, was merely void, and the judgment ought to have been rendered on the verdict for so much only as was in issue between the parties; and no entry or amendment of the party was necessary to obtain such judgment. *Trials per Pais*, 324. The judgment given is inconsistent with itself. It purports to be only for land for which the defendant took defence within the claim and pretensions of the plaintiff as located; but in describing by lines the limits of the plaintiff's pretensions, they are made to include much more land than he located as his claim.

*Martin*, for the Appellee. The jury, by their general verdict, found nothing more than what was in issue between the parties. The judgment is for all the land for which the defendant took defence. The clerk has described in the record certain lines, which was a full description of the whole of the plaintiff's pretensions; and at most it is only a clerical error in the description, the whole of which was unnecessary.

JUDGMENT AFFIRMED.